### ROSENBAUM *v.* BEUTHNER.

*(Supreme Court, General Term, First Department. December 31, 1890.)*

WILLS—ENJOINING PROBATE—DEFECT OF PARTIES.

In an action to establish a will dated in 1858 the plaintiff prayed an injunction to restrain the surrogate from admitting to probate a prior will dated in 1855. It appeared that application for the probate of a third will of the same party, executed in 1882, had been made by a party interested, and resisted by the respondent on account of the incompetency of the testator, and the informal execution of the will. None of the parties interested under the alleged will of 1882 were made parties to the action to establish the will of 1858. *Held*, that the injunction would be denied, because of the defect of parties.

Appeal from special term, New York county.

Action by Joseph Rosenbaum against Bertha S. Beuthner and others. An injunction *pendente lite* was denied, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*H. R. Beekman,* for appellant. *Edmond E. Wise,* for respondent Spiegelberg.

VAN BRUNT, P. J. This action was brought in September, 1890, to establish an alleged will of one Solomon Beuthner, made in 1858, upon the ground that the original will is in possession of a court of a foreign country, and that said will was executed in Prussia, according to the laws of that kingdom, by the testator, a resident of Pennsylvania at the time of the execution of the will, but of New York at the time of his death, and that the surrogate of New York county had no power to admit such a will to probate. It appears that on the 5th of June, 1889, said Beuthner, a resident of the state of New York, died in said state, leaving him surviving the defendant, Bertha Beuthner, his widow, and Lena Wolfers, his sole heir, and next of kin. On the 13th of November, 1889, letters of administration were issued to the widow, and she has ever since assumed and continued to act as administratrix. A will of said Solomon Beuthner, bearing date in 1855, in which the defendant Spiegelberg was named as executor, was discovered, and in June, 1890, a petition for the probate of said will was filed in the office of the surrogate, and a citation thereunder was issued, returnable the 13th of September, 1890. It further appeared that prior to this time a petition for the probate of another will, dated in October, 1882, had been presented by one Jacob H. Rosenbaum, a brother-in-law of the widow of the deceased, which said will was in the possession of a notary public in Cologne, Germany, who refused to deliver possession thereof. The widow contested said probate on the ground of the incapacity of the testator to make a will, and upon the further ground of the improper execution of the same. As part of the relief prayed for in this action it was sought to enjoin the surrogate from considering the question as to whether the will of 1855 should be admitted to probate or not.

Whatever might have been our opinion if all the parties interested in the controversy as to the will of the deceased had been before the court and made parties to this action, it seems to us, in view of the fact that the parties interested in one of the wills in existence not having been made parties to this action, that the court is not in a condition to finally adjudicate upon the point as to whether the will of 1858 is really the last will and testament of the deceased or not. The plaintiff, in the commencement of this action, seems to have studiously omitted to make parties any persons interested in the will of 1882, and it is as important to ascertain whether the will of 1882 is a good and valid will as to ascertain whether the will of 1858 is entitled to be admitted to probate; and the same objection which is raised against the proceeding of the surrogate in determining the question as to the will of 1855 may be urged against allowing the plaintiff in this action to proceed without having the parties interested in the will of 1882 before the court. It may be true that the surrogate has no power to probate the will of 1858, even if the parties interested therein are entitled to have the same established; but it is equally true that the surrogate has the power to consider the question as to the validity of the will of 1858 in determining whether the will of 1855 shall be admitted to probate. And he has also the power to determine whether or not the will of 1882 is a good and valid will, and revoked the wills of 1855 and 1858. It will be seen, therefore, that, in consequence of this defect of parties, it is impossible for this court to finally adjudicate upon the question as to whether the will of 1858 is or is not the last will and testament of the deceased. Under such circumstances, it is clear that an injunction should not issue. Neither the surrogate's court nor the supreme court can make a final adjudication upon the question as to which of these wills shall be established as the last will and testament of the deceased. This being the condi-

tion of things, there seems to be no ground for dragging the controversy into this court, rather than allowing the surrogate to go on and determine the question as far as the same is presented before him for determination. A different result might perhaps have been reached had the suit been brought in such form that the question as to the precedence of these various wills could have been determined in this action. But, there being this defect of parties apparent upon the face of the papers presented, this court should not exert its equitable powers to restrain the action of another court within the limit of its jurisdiction. The order should be affirmed, with $10 costs and disbursements. All concur.